MAYOR AND COUNCIL OF THE BOROUGH OF BERGEN-FIELD, PLAINTIFFS-RESPONDENTS, v. HARRY E. PETERSON, JOHN FRICK, E. CHRYSOMALIS, PETER MARCADOS, CHESTER HENES, FRANK TATEM AND CHARLES M. DOCKEY, DEFENDANTS-PROSECUTORS.

Submitted May 18, 1929—Decided November 14, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutors, *Karkus & Karkus*.

For the respondent, *James S. De Turck*.

PER CURIAM.

The several prosecutors of this writ were each convicted in separate suits in the recorder's court of a violation of an ordinance of the borough of Bergenfield, in that they each did peddle and offer for sale books and tracts, without having obtained a license for that purpose, contrary to the provisions of such ordinance.

We have not stopped to inquire as to the legal propriety of the procedure by which these convictions have been brought up. The complaints, the warrants, the proceedings and evidence at the trials, and the convictions, are practically identical in all of the cases, and they may be conveniently dealt with as one case as evidently intended by counsel.

The defendants first say that the evidence did not justify the convictions. We think it did.

The evidence recited in the convictions shows, and the recorder found as a fact, that each defendant, without a license for that purpose, peddled and offered for sale at different residences in the borough, on the day charged in the complaints, books and pamphlets which each defendant carried with him for the purpose of sale and delivery. All this was not denied by the defendants; on the contrary they each admitted it. The convictions were therefore quite justified. *Hewson* v. *Englewood*, 55 *N. J. L.* 522.

The defendants next say that the complaints were defective because not clear and certain. This is untrue in fact. Moreover, no question as to the sufficiency of the complaints was raised at the trials.

The defendants next argue that the recorder was without jurisdiction to hear the cases. That argument is without

merit. There is no suggestion that the recorder did not have jurisdiction of the subject-matter, and at the trials the defendants stipulated "the defendants were properly before the court." Moreover, no question of jurisdiction was raised at the trials.

The defendants next argue that the ordinance is void as delegating the power of taxation to a judicial officer and as failing to fix the precise penalty to be imposed. This point has no basis either in law or in fact. It was not suggested at the trial, and is not embraced in any reason filed for setting aside the convictions.

Lastly the defendants contend that "the application of this ordinance to the distribution of books or pamphlets in furtherance of the religious principles of the defendants is an unreasonable exercise of the police power."

Our examination of the evidence shows peddling and offering for sale of books and pamphlets of an undisclosed character. It fails to disclose that defendants were engaged in the mere *distribution* of books or pamphlets in furtherance of their religious principles. There was no such contention made at the trial. Indeed the only suggestion there made from first to last why the defendants should not be convicted was at the conclusion of the respective trials when their counsel "moved for an acquittal on the ground that it had not been shown that he sold books for a living." Moreover, here again this point is not embraced in any reason filed for a reversal.

The several judgments of conviction under review will be affirmed, with costs.